# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 4885 | DATE | 12/18/2002 |
| CASE TITLE | ELSTON A. HENRY vs. JOHN ASHCROFT | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Henry's petition for habeas corpus is denied.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 20 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 13 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | LG courtroom deputy's initials | 02 DEC 19 PM 12:02 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELSTON A. HENRY, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 02 C 4885 |
| v. ) | |
| ) | Judge John W. Darrah |
| JOHN ASHCROFT, Attorney General of the ) | |
| United States; and BRIAN PERRYMAN, ) | |
| District Director, Immigration and Naturalization ) | |
| Service, ) | **DOCKETED** |
| ) | |
| Respondents. ) | DEC 2 0 2002 |

## MEMORANDUM OPINION AND ORDER

Petitioner, Elston A. Henry ("Henry"), filed a Petition for Habeas Corpus after he was found removable from the United States. Presently before the Court is Respondents' Return on the Habeas Corpus Petition.

Henry is a native and citizen of Antigua, British West Indies. Henry was admitted as a lawful permanent resident in August 1976. On September 24, 1999, Henry was convicted of delivery of a controlled substance in violation of Illinois law, 720 ILCS 570/402(b)(1). Henry was subsequently sentenced to 13 years' and 3 months' imprisonment. Henry appealed his state conviction, and the Illinois Appellate Court affirmed his conviction in January 2001.

On February 1, 2001, Henry was placed in immigration proceedings when the Immigration and Naturalization Service ("INS") served him with a Notice to Appear, specifying that, based upon his conviction for delivery of cocaine, he was subject to removal based upon Section 227(a)(2)(A)(iii) of the Immigration and Nationality Act.

An immigration hearing was held on November 5, 2001. At the hearing, Henry admitted that

he was convicted of delivery of a substance containing cocaine and that he was sentenced to 13 years' and 3 months' incarceration. He also admitted that his appeal had been denied. Henry also informed the Immigration Judge that he had filed a post-conviction motion and an appeal to the denial of such motion. Henry further testified that he was married, had two children born in the United States, and that he had no family remaining in Antigua.

Based on the Immigration Judge's review of the certified records of conviction and Henry's testimony, the Immigration Judge found that removability had been established by evidence which was clear, convincing, and unequivocal. The Immigration Judge noted that Henry had pending an appeal from the denial of his post-conviction motion but that this collateral matter did not affect the finality of Henry's conviction. The Immigration Judge also noted that Henry had indicated that he wanted to remain in the United States and that he had no family remaining in Antigua; however, the current law did not provide any relief to Henry.

Henry appealed this decision to the Board of Immigration Appeals ("BIA"). On March 20, 2002, the BIA dismissed the appeal. Henry remains in state custody pending the completion of this sentence. Following the completion of his sentence, Henry will be detained by the INS.

Respondent first argues that this Court lacks jurisdiction under 8 U.S.C. § 1252(g) to review Henry's habeas petition.

Amendments to the Immigration and Nationality Act do not foreclose all use of 28 U.S.C. § 2241, the general habeas corpus statute. *See INS v. St. Cyr*, 533 U.S. 289, 311-313 (2001). However, 8 U.S.C. § 1252(g) prohibits the review of particular kinds of administrative decisions in the district courts. *See Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (*AADC*). Section 1252(g) states:

> Except as provided in this section and notwithstanding any other
> provision of law, no court shall have jurisdiction to hear any cause or
> claim by or on behalf of any alien arising from the decision or action
> by the Attorney General to commence proceedings, adjudicate cases,
> or execute removal orders against an alien under this chapter.

Accordingly, Section 1252(g) restricts the districts' jurisdiction only in the three circumstances found within the statute: "when the alien challenges discretionary actions taken by the Attorney General to (1) commence proceedings, (2) adjudicate cases, and (3) execute removal orders." *Fornalik v. Perryman*, 223 F.3d 523, 531 (7th Cir. 2000) (*Fornalik*), citing *AADC*, 525 U.S. at 482.

In the instant case, Henry asserts that his removal order is improper as a matter of law because he was denied due process of law during the proceedings when the Immigration Judge refused to allow him to present his case. Accordingly, Henry is not challenging a discretionary action by the Attorney General to commence proceedings, adjudicate his case, or execute his removal order, and Section 1252(g) is not applicable. *See Fornalik*, 233 F.3d at 531-33 (finding Section 1252(g) did not foreclose the district court's review of petitioner's claim that the district director's denial of his adjustment of status application was incorrect as a matter of law). Thus, Section 1252(g) does not deprive this Court of jurisdiction over Henry's petition.

Turning to the merits of Henry's petition, he asserts that his due process rights were violated because he was not allowed the opportunity to present his case and because the Immigration Judge did not consider the hardship on him if he was removed to Antigua.

"It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 307 (1993) (*Reno*). "[O]nce an alien gains admission to our country and begins to develop the ties that go with permanent residency, his constitutional status changes accordingly." *Landon v. Plasencia*, 459 U.S. 21, 32 (1982). The Fifth

Amendment provides both a procedural and substantive due process requirement. The procedural due process requirement prohibits the government from depriving an individual of life, liberty, or property in an unfair manner. *See Mathews v. Eldridge*, 424 U.S. 319, 355 (1976). The substantive due process component precludes the government from engaging in conduct that "shocks the conscience" or interferes with rights implicit in the concept of ordered liberty. *Salerno*, 481 U.S. at 746.

The above facts demonstrate that Henry was not denied either procedural or substantive due process. Contrary to Henry's assertions, Henry was able to provide evidence that he had filed a post-conviction petition and that he disputed his conviction. He was also afforded the opportunity to provide evidence; and the Immigration Judge noted such evidence, that he wanted to stay in the United States and that he had no family remaining in Antigua. Henry, here, has provided nothing indicating that he was denied liberty in an unfair manner or that the government engaged in conduct that shocks the conscience or interferes with rights implicit with ordered liberty. Accordingly, Henry's habeas petition is denied.

For the reasons stated above, Henry's Petition for Habeas Corpus is denied.

Dated: November 13, 2002

JOHN W. DARRAH
United States District Judge